IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Dennis M. Gallipeau, ) | |
| ) | C/A No. 0:13-505-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Linda Mickens Ham and ) | |
| James R. Metts, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Dennis M. Gallipeau ("Gallipeau") filed this action pursuant to 42 U.S.C. §1983. This matter is before the court on the Motion for Summary Judgment filed by Defendants Linda Mickens Ham ("Ham") and James R. Metts ("Metts") (collectively "Defendants"). (ECF No. 54). Gallipeau filed a response opposing the motion (ECF No. 69). On March 11, 2014, the magistrate judge assigned to this matter filed a Report and Recommendation ("Report") in which he recommended that Defendants' Summary Judgment Motion be granted. (ECF No. 71). Gallipeau timely filed objections (ECF No. 73).

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v.*

*Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Facts/Background

The report summarizes the facts and procedural background. (Report 2-8). Briefly, at the time of the incidents alleged in the Amended Complaint, Gallipeau was a pretrial detainee at the Lexington County Detention Center ("LCDC"). On June 30, 2009, Defendant Ham was escorting Gallipeau from his cell at the LCDC to court. Gallipeau alleges they argued about whether Gallipeau would be permitted to shave, but Ham eventually agreed to allow Gallipeau to shave. Gallipeau then alleges that while Ham was escorting him to the rear door, Ham pushed him into the door and grabbed and twisted his hand and arm behind his back "so violently that Plaintiff was lifted almost off his feet." Gallipeau alleges that throughout these events Ham directed racial slurs, insults, and threats towards him without any provocation.

In his Amended Complaint, Gallipeau alleges claims of excessive force and state law claims of assault and battery and alleges he suffered a torn rotator cuff, and severe nerve damage in his arm, hand, and fingers. (ECF No. 12).

## II. Standard of Review

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."

2

*Id.* at 248. A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Monahan v. County of Chesterfield*, 95 F.3d 1263, 1265 (4th Cir. 1996).

### III. Discussion

Upon review, the court finds that many of Gallipeau's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report, or merely restate his claims, and consequently, those objections will not be reviewed. Gallipeau's remaining objections can be grouped into three categories. First, Gallipeau contends that the magistrate judge applied the motion to dismiss standard rather than the summary judgment standard. (Objections at 1-2, 9). Second, Gallipeau objects to the magistrate judge's finding that Gallipeau has not exhausted his administrative remedies. (Objections 3-9, 13-14). Third, Gallipeau objects to the magistrate judge's finding that this action is untimely. (Objections 9-12, 14).

First, Gallipeau contends that the magistrate judge applied the motion to dismiss standard rather than the summary judgment standard. Gallipeau points to the fact that the magistrate judge entitled one of the sections of the Report "Background and Evidence." (Objections at 1). The court finds this objection is without merit. The magistrate judge correctly set out the standard for summary judgment motions in his Report and properly applied it in considering the evidence. (Report at 9).

Second, Gallipeau objects to the magistrate judge's finding that Gallipeau has not exhausted his administrative remedies. The magistrate judge found Gallipeau's exhibit, an unsigned and undated inmate request form, did not establish a meritorious attempt by Gallipeau to exhaust his administrative remedies. (Report at 11). Further, the magistrate judge noted that

3

Gallipeau conceded that he did not pursue this grievance further or attempt to appeal. (Report at 12). Gallipeau argues that the magistrate judge erred in weighing the evidence, making improper credibility determinations, and finding he had not exhausted his administrative remedies.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions under § 1983 must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. *Booth v. Churner,* 532 U.S. 731, 741 (2001). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," and is required even when the relief sought is not available. *Booth,* 532 U.S. at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. *Booth,* 532 U.S. at 741. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

Although "there is no futility exception to the PLRA's exhaustion requirement," *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir.1999), the plain language of the statute requires that only "available" administrative remedies need be exhausted. A grievance procedure is not available if prison officials prevent an inmate from using it. *See Ziemba v. Wezner*, 366 F.3d 161 (2d Cir. 2004) (holding defendant may be estopped from asserting exhaustion as a defense, where the defendant's actions render the grievance procedure unavailable); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004)(holding defendants failed to establish failure to exhaust where defendants refused to provide requested forms); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (holding

4

that inmate lacked available administrative remedy where inmate was unable to file grievance because prison officials refused to provide him with the necessary grievance forms).

For the purposes of this motion, the court will assume the initial inmate request form was signed and properly filed with the LCDC on June 30, 2009, the date of the alleged incident, and was never responded to, as Gallipeau states in his declaration. (ECF No. 69 ¶¶ 2-6). Gallipeau does not dispute that he took no further action than filing the inmate request form. (Objections at 8). Rather, Gallipeau alleges he did not know how to appeal and contends that there is a genuine issue of material fact as to what the administrative remedies at the LCDC required. (ECF No. 69-1 ¶¶ 7-8; Objections at 6).

Gallipeau argues that while at LCDC, only a summary of the inmate grievance procedure was posted and it stated that "[d]ecisions may be appealed through the chain of command." (ECF No. 69-1 ¶ 9). Further, Gallipeau asserts that Defendants deliberately and intentionally misrepresented the grievance system in the LCDC, and these Defendants have repeatedly lied to the court about the administrative remedies available. (Objections at 4, 6).

Gallipeau contends he did not know how to exhaust his administrative remedies. However, Gallipeau's contention that he did not know how to appeal is at odds with his filings in *Gallipeau v. Lexington County Detention Center*, 3:09-cv-1657-HMH, 2010 WL 3192934 (D.S.C. 2010).[1] In that action, in his complaint filed June 22, 2009, around the same time as the initial inmate request was filed in this action, Gallipeau set out the grievance procedure at the LCDC. Further, he stated that after he failed to receive an answer to his initial inmate request form, he filed a "2nd level grievance" on the forms provided by the LCDC. (ECF No. 1 at 2). He further alleged he filed 3rd and 4th level grievances after his 2nd and 3rd level grievances were

---

[1]This court may take judicial notice of a plaintiff's prior or pending actions. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir.1970) (district court may take judicial notice of its own files and records).

not answered.

Gallipeau's prior actions while at the LCDC demonstrate his knowledge of the inmate grievance procedure at the LCDC. Clearly, Gallipeau knew that he could file an appeal of the grievance even if he failed to receive a response as he had done so in another case filed shortly before the incidents in this action allegedly occurred.[2] Further, there is no allegation or evidence in the record that any LCDC official impeded or discouraged any efforts of Gallipeau to appeal his grievance.

While Galluipeau contends he was not required to follow up on his grievance, he was required to move to the next level even if he failed to receive a response. "Failure to receive a response is not a excuse for not moving to the next level of the grievance procedure." *Nally v. King,* 2013 WL 594709 * 3 (N.D.W.Va. Jan. 3, 2013). "The fact that a grievance was unprocessed, without more, is insufficient to show that Respondents prevented Petitioner from exhausting his administrative remedies." *Bryan v. South Carolina Dept. of Corrections*, 2009 WL 702864, at *3 (D.S.C. March 16, 2009). Gallipeau was not prevented from availing himself of the LCDC's administrative remedy. Accordingly, the court agrees with the magistrate judge's conclusion that Gallipeau failed to exhaust his administrative remedies.

Third, Gallipeau objects to the magistrate judge's finding that this action is untimely. There is no federal statute of limitations for § 1983 actions, and state statutes apply. *Bireline v. Seagondollar*, 567 F.2d 260 (4th Cir. 1977). In South Carolina, the residual statute of limitations for personal injury actions is three years. *See* S.C. Code Ann. § 15-3-30. And the statute of limitations for Gallipeau's state law claims is two years. S.C. Code Ann. 15-78-100(a). The incidents alleged in the Amended Complaint occurred on June 30, 2009, (ECF No. 12 at 2), and

---

[2]The court also notes that Gallipeau earned a paralegal degree and has worked as a legal secretary and paralegal assistant. *See Gallipeau v. Mickens-Ham*, 3:09-cv-1883-TMC (ECF No. 35-3 at 81-82).

6

Gallipeau filed this action February 20, 2013 (ECF No. 1 at 5), well after the longer three-year limitations period had expired. Moreover, Gallipeau appears to concede that this action would be barred by the statute of limitations absent equitable tolling. (ECF No. 12 at 6-7; Objections at 11-12).

When a cause of action arises under § 1983, the court must look to state law for the applicable equitable tolling rule. *Wade v. Danek Medical, Inc.*, 182 F.3d 281, 289 (4th Cir. 1999). "It is well settled in South Carolina that when an action is dismissed without prejudice, the statute of limitations will bar a subsequent suit if the statute runs in the interim." *Rink v. Richland Mem'l Hosp.*, 422 S.E.2d 747, 749 (S.C. 1992) (*citing Davis v. Lunceford*, 335 S.E.2d 798 (S.C. 1985)). "If a case is dismissed without prejudice, the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by the filing of that case." *McMorris v. Sherfield,* 2010 WL 5488905, at *3 (D.S.C. Aug.30, 2010) (*citing Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)). "In other words, for statute of limitations purposes, a suit dismissed without prejudice is treated as if it had never been filed." *Id*. Morever, under South Carolina law, equitable tolling applies "when the plaintiff has been induced or relies on the defendant's conduct or promises . . . ." *Rink v. Richland Memorial Hosp.,* 422 S.E.2d at 749.

Here, Gallipeau has shown no basis for equitable tolling. Accordingly, the magistrate judge correctly found Gallipeau's § 1983 claim is barred by the statute of limitations. Additionally, the magistrate judge also correctly found that because equitable tolling does not apply, Gallipeau's state law claims, which are subject to a two- year statute of limitations period, S.C. Code Ann. §15-78-100(a), are also barred by the statute of limitations.

Gallipeau also objects to the magistrate judge's failure to address whether Defendants are estopped from asserting the affirmative defenses of failure to exhaust and statute of limitations

7

because Defendants have perpetrated a fraud on the court.  (Objections at 11).  In response to Defendants' summary judgment motion, Gallipeau argued that Defendants should be estopped from asserting these defenses based upon what he characterizes as the deliberate and intentional acts of the LCDC to misrepresent the available administrative remedies.  (ECF No. 69 at 4-5).

While the summary of the LCDC's grievance procedure did not set out the appeal process, it did state that there was one. Moreover, even with the inconsistencies between the LCDC's grievance procedures and the summary, as discussed above, his actions in his other case filed at approximately the same time belie any argument that he did not know how to exhaust his administrative remedies.  See *Meanor v. Wilcox*, 241 F. App'x 856, 858 (3d Cir. 2007) (finding that the inmate's excuse for failing to exhaust administrative remedies, i.e., that he never received a copy of the prison's handbook, lacked credibility where it was apparent that the inmate knew how to use the prison administrative system to file a complaint).  It is clear that Gallipeau was well aware of how to appeal an unanswered grievance.

As for any argument that Defendants should be estopped from rasing the statute of limitations as a defense, this argument is without merit.  Equitable estoppel bars a statute of limitations defense by a defendant who, "by his conduct, lulls another into a false security, and into a position he would not take only because of such conduct." *United States v. Fid. & Cas. Co. of N.Y.*, 402 F.2d 893, 897 (4th Cir. 1968) (internal quotation and citation omitted).  Further, a plaintiff must show that the defendant took "actions the [defendant] should unmistakably have understood would cause the [plaintiff] to delay filing his charge." *Price v. Litton Bus. Sys.*, 694 F.2d 963, 965 (4th Cir. 1982).  Gallipeau has not alleged facts supporting a conclusion that Defendants took any actions that they would or should have understood would cause Gallipeau to delay filing this action.  Moreover, Gallipeau has failed to establish that he detrimentally relied on the statements in the summary.  See *Lyng v. Payne,* 476 U.S. 926, 935 (1986) ("An essential

element of any estoppel is detrimental reliance on the adverse party's misrepresentations. . . ."). Accordingly, the court finds that Defendants are not estopped from raising the affirmative defenses of failure to exhaust or the statute of limitations.

## IV.  Conclusion

Accordingly, the court adopts the Report (ECF No. 71) to the extent it is not inconsistent with this Order.  Defendants' Summary Judgment Motion (ECF No. 54) is **GRANTED**.

**IT IS SO ORDERED.**

                                            s/Timothy M. Cain
                                            United States District Judge

Anderson, South Carolina
June 10, 2014